See also, 1995 WL 319768.

**TRUCK INSURANCE EXCHANGE, a California Corporation, Plaintiff,**

v.

**Ronald W. KAFKA, individually and doing business as K & R Realty, Defendant.**

No. 95 C 708.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 4, 1995.

---

William J. Sneckenberg, Stuart Morris Brody, William J. Sneckenberg & Associates, Ltd., Chicago, IL, for plaintiff.

Jeffrey L. Widman, Patrick Tuite, Arnstein & Lehr, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Truck Insurance Exchange brings this diversity action under Illinois law against Defendant Ronald Kafka, alleging that Kafka committed common law fraud by setting fire to his own building, and then claiming the loss as covered by an insurance policy issued to him by Truck Insurance. Presently before this court are the parties' cross-motions for summary judgment. For the reasons stated below, we grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment.

### I. Background

In February 1990, a fire damaged the building located at 8039 West Ogden Avenue in Lyons, Illinois. At the time, Kafka owned the building, which was insured by a policy issued by Truck Insurance. In March 1990, Kafka filed a claim to recover the losses caused by the fire. An investigation revealed, however, that arson was the fire's cause and that Kafka was the arsonist. Truck Insurance accordingly denied the claim. In September 1990, Kafka responded by suing Truck Insurance in federal court, alleging wrongful denial of the claim.

In 1992, Kafka's suit against Truck Insurance was tried before a jury. In finding for Truck Insurance, the jury answered special interrogatories against Kafka, including conclusions that Kafka intentionally set the fire and that Kafka falsely swore with intent to deceive that he had not set the fire. Kafka appealed, but on May 2, 1994, the Seventh Circuit affirmed the jury verdict. *Kafka v. Truck Ins. Exchange*, 19 F.3d 383 (7th Cir. 1994).

On February 3, 1993, Truck Insurance filed this action against Kafka, alleging that Defendant had committed statutory insurance fraud, 720 ILCS 5/46–5(a), common law fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* In a prior order, we dismissed the statutory insurance fraud count because Kafka's false claim was made several years prior to the effective date of the applicable statute. In addition, we dismissed the RICO count because Kafka's one attempt at insurance fraud did not constitute the requisite pattern of racketeering activity. *Truck Ins. Exchange v. Kafka*, No. 95 C 708, 1995 WL 319768 (N.D.Ill. May 25, 1995).

Accordingly, only two counts remain; one alleging common law fraud and the other praying for punitive damages based on the allegedly malicious fraud. Kafka moves for summary judgment, arguing that reliance is an essential element of fraud in Illinois, and that Truck Insurance has proffered no evidence showing that it relied on Kafka's false claim. Truck Insurance also moves for summary judgment, maintaining that the jury's verdict and the special interrogatories from the prior litigation have collateral estoppel effect and establish the elements of fraud.

We grant Kafka's motion for summary judgment, and address his motion first.

## II. Summary Judgment Standard

■ Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact, and.... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas,* 929 F.2d 1210, 1212 (7th Cir.1991).

## III. Discussion

■ Under Illinois law,[1] the elements of a common law fraud claim are:

(1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury.

*Siegel v. Levy Org. Dev. Co.,* 153 Ill.2d 534, 180 Ill.Dec. 300, 304, 607 N.E.2d 194, 198 (1992) (citing *Redarowicz v. Ohlendorf,* 92 Ill.2d 171, 65 Ill.Dec. 411, 441 N.E.2d 324

(1982)); *see also LaScola v. US Sprint Communications,* 946 F.2d 559, 567–68 (7th Cir. 1991). The fourth element, reliance, means that "the person to whom the representation is made must reasonably rely *on the truth* of the statement." *LaScola,* 946 F.2d at 568 (emphasis added).

■ In light of the applicable law, we hold that Truck Insurance has failed to genuinely dispute the absence of its reliance on Kafka's fraudulent claim for insurance coverage. After Kafka filed the claim, Plaintiff did not hastily pay the claim; to the contrary, Truck Insurance refused to rely on the truthfulness of the claim and investigated Kafka's involvement. Pl.'s 12(M) at Ex. 1.[2] Ultimately, Plaintiff denied payment. Pl.'s 12(M) at ¶ 7. Truck Insurance turns the notion of reliance on its head by characterizing disbelief and denial of Kafka's claim as reliance.

Nor are we persuaded by Plaintiff's argument that the insurance company relied on Kafka's "implied promise"—allegedly made when Kafka applied for the insurance policy—that he would act in good faith in regards to the policy. Pl.'s Resp. at 2. First, Truck Insurance proffers no evidence to show that, at the time Kafka applied for insurance, Kafka's "implied promise" was falsely made. Indeed, Plaintiff does not even expressly assert that Kafka's "implied promise" was false when made. Moreover, Truck Insurance fails to link any reliance on an "implied promise" of good faith to Plaintiff's requested damages; any reliance on the "implied promise" did not cause Plaintiff to incur costs in fending off Kafka's false claim for coverage. Finally, Plaintiff's complaint specifies only that the common law fraud count is based on Kafka's fraudulent claim, not on some earlier "implied promise." We conclude that no reasonable factfinder could find that Truck Insurance relied in any way on Kafka's representations.

■ Lastly, Truck Insurance argues that the "public policy" against fraud is thwarted if insurers could not recover from insureds

---

1. The parties assume that Illinois law applies in this diversity action, and we discern no reason to apply another state's law. *See Rexford Rand Corp. v. Ancel,* 58 F.3d 1215, 1218–19 n. 6 (7th Cir.1995).

2. Kafka incorporated Truck Insurance's 12(M) statement into his own 12(M) statement in support of his summary judgment motion.

who file false claims unless the insurers relied on the claims. Pl.'s Resp. at 4. According to Plaintiff, such a rule encourages insureds to file false claims: if an insured's false claim is paid, the insured reaps the noncovered payment. If denied, the insured faces no liability for fraud. *Cf. American Cas. Co. v. B. Cianciolo, Inc.*, 987 F.2d 1302, 1304 (7th Cir.1993) (explaining why Wisconsin law does not require insurer to rely on false claim in order to void insurance policy).

However, regardless of the force this "public policy" argument wields, we sit in diversity and must apply Illinois state law. Under Illinois law, reliance is an essential element of a common law fraud claim, and there exists no authority suggesting that the Illinois Supreme Court would dispense with the requirement. Furthermore, we find it significant that the recently-enacted Illinois statutory insurance fraud section, 720 ILCS 5/46–5(a), expressly authorizes insurers to recover for "attempts to obtain" payment for false claims; to the extent that the common law fraud action failed to embrace attempts to obtain payment, section 5/46–5(a) now fills the gap for false claims made after the section's effective date, January 1, 1993. We decline to extend the statute's reach beyond that chosen by the state legislature.

Therefore, we hold that no reasonable factfinder could find that Truck Insurance relied on Kafka's false claim, and thus Kafka is entitled to summary judgment. Concomitantly, we deny Plaintiff's motion for summary judgment.[3]

### IV. Conclusion

For the reasons stated above, we grant Kafka's motion for summary judgment, and deny Truck Insurance's motion for summary judgment. It is so ordered.

---

**3.** Contrary to Truck Insurance's assertions, the jury in the prior suit between Truck Insurance and Kafka rendered no decision regarding Truck Insurance's reliance on the false claim. *See Kafka*, 19 F.3d at 385 (describing verdict and special interrogatories).